UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,

*Plaintiff*,

v.

JANELLE MCDONALD, *et al.*,

*Defendants*.

Civil Action No. 25-750 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Newrez LLC is a mortgage servicing company. In February 2024, Newrez filed an eviction action against Janelle McDonald and William McDonald in the Loudon General District Court after they stopped paying their mortgage. Appellant's Written Statement Facts at 2, ECF No. 1-5; Pl.'s Mot. Remand at 4, ECF No. 6. The Loudon General District Court entered judgment for Newrez. Def.'s Mot. Dismiss at 3, ECF No. 1-4; Mot. Remand at 4. The McDonalds appealed the case to the Loudon Circuit Court, which affirmed. Appellant's Opening Br. at 12, ECF No. 1-6; Mot. Remand at 4. Then, the McDonalds appealed again to the Court of Appeals of Virginia. Appellant's Opening Br. at 13; Mot. Remand at 4.

In March 2025, the McDonalds removed the case to this Court. Req. Transfer at 1, ECF No. 1; Mot. Remand at 4. The McDonalds argue that removal was necessary to provide "review and equitable relief from an unbiased court" due to alleged "judicial misconduct" by the state court judges. Req. Transfer at 2–3. In July 2025, Newrez moved to remand the case to the Court of Appeals of Virginia. Mot. Remand at 8. That motion is fully briefed and ripe for review. *See* Def.'s Opp'n to Mot. Remand, ECF No. 10.

A defendant may only remove "a civil action filed in state court . . . to a United States district court if the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014) (citing 28 U.S.C. § 1441(a)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (quoting 28 U.S.C. § 1447(c)). Subject matter jurisdiction refers to a federal court's "authority to hear a given type of case" and "the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quotations omitted). "The party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Int'l Union of Bricklayers and Allied Crafworkers v. Ins. Co. of the W.*, 366 F. Supp. 2d. 33, 36 (D.D.C. 2005).

Newrez argues that this case should be remanded to the Court of Appeals of Virginia because it does not raise a federal question, because the removal was untimely, and because of the *Rooker-Feldman* doctrine. Mot. Remand at 5–6. The Court agrees that remand is necessary because it lacks jurisdiction under the *Rooker-Feldman* doctrine, so it does not address Newrez's other arguments.

Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over "cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (first citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); and then citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)). Instead, "28 U.S.C. § 1257 requires that appeals from state courts go exclusively to the Supreme Court." *Id.*; *see Coleman ex rel. Bunn v. District of Columbia*, 70 F. Supp. 3d 58, 72 (D.D.C. 2014) ("The *Rooker-Feldman* doctrine 'is based on the jurisdictional grant codified in 28 U.S.C. § 1257, which authorizes only

the Supreme Court to exercise appellate jurisdiction over state court judgments.'" (quoting *Liebman v. Deutsche Bank Nat'l Tr. Co.*, 15 F. Supp. 3d 49, 56 (D.D.C. 2014))).

Here, the McDonalds call for "review and equitable relief" from this Court after receiving two adverse judgments against them in the Virginia state courts that were allegedly due to "judicial misconduct." Req. Transfer at 2–3. However, the *Rooker-Feldman* doctrine clearly prohibits this Court from reviewing "challenges to state court decisions" like the one brought by the McDonalds. *Feldman*, 460 U.S. at 486. Only the Supreme Court has jurisdiction to "reverse or modify" state court judgments. *Rooker*, 263 U.S. at 416. Accordingly, this Court does not have jurisdiction to hear this case, and it must be remanded to the Court of Appeals of Virginia.

For the foregoing reasons, the Court grants the Plaintiff's Motion to Remand, ECF No. 6, and denies the Defendants' Motion to Dismiss, ECF No. 8. The Court remands this case to the Court of Appeals of Virginia.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   October 24, 2025